UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 81-306(PLF) |
| v. | : | |
| JOHN W. HINCKLEY, JR. | : | |

GOVERNMENT'S NOTICE OF
ALTERNATIVE PROPOSED ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the Court of its alternative to the order proposed by the Hospital. In support of its alternative, the government presents the following.

The Hospital has submitted a proposed order to implement the Court's Opinion and Order of June 16, 2009. On almost all matters concerning the wording of the proposed order, counsel for the Hospital, Mr. Hinckley, and the government cooperated and reached agreement. Two sentences remain in dispute.[1]

Regarding paragraph 4 of the section on social visits, the government proposes the following language:

> In accordance with paragraphs 1, 2, and 3 of this section, Mr. Hinckley will be permitted unaccompanied time in his mother's hometown for up to three hours per day twice a week between the hours of 8:00 am and 9:00 pm for specific social, recreational,

---

[1] The government understood that there was disagreement about inclusion of the following underlined language in the first sentence of paragraph 20:

> The Hospital will write a detailed report following each visit and submit that report under seal to the Court, <u>prior to the next visit</u>.

However, the Hospital's proposed order includes the underlined language. The government concurs that the language should be included.

> religious, or shopping related activities that will be presented in an approved itinerary, prior to the outing.  <u>When unaccompanied time is permitted under this paragraph for a particular day, the unaccompanied time permitted for that day, as described in paragraph 3 above in the section on Phase IV, shall be limited to a total of two hours.</u>

The sentence in dispute is underlined.  Counsel for the Hospital and Mr. Hinckley oppose including the sentence.  The government submits that allowing three hours of unsupervised social activity has an unexpected ramification.  Combined with the two, two-hour periods of unsupervised time already granted, the three hours of unsupervised social time would allow Mr. Hinckley seven hours of unsupervised time on one day.  When this unsupervised time is added to the four hours of volunteer work, Mr. Hinckley would be permitted up to 11 hours of work and unsupervised time in a day.  The government suggests that, on the days when social privileges are permitted, Mr. Hinckley receive a net increase of one hour of unsupervised time.  This is accomplished by allowing Mr. Hinckley three hours unsupervised social time and a total of two hours of unsupervised time alone, instead of a total of four hours of unsupervised time alone.

Regarding paragraph of 4 of the section on driving privileges, the government proposes the following language:

> Mr. Hinckley will be permitted to drive the Hinckley family's car with a learner's permit and later with a driver's permit with a responsible person/custodian with him at all times.  <u>Mr. Hinckley will not be permitted to drive within 50 miles of the District of Columbia except as provided in paragraph 3 of this section and if he is driving to or from his mother's hometown.</u>

The sentence in dispute is underlined.  Counsel for the Hospital and Mr. Hinckley oppose the sentence.  The government submits that Mr. Hinckley has no need to drive in the District of Columbia except to take the driving test and if he is driving to and from his mother's home on

visits. The Court has denied the request for Mr. Hinckley to engage in volunteer work in the District of Columbia because Mr. Hinckley needs to concentrate on the transition to his mother's hometown. The language suggested by the government ensures that Mr. Hinckley keeps focused on that goal while allowing Mr. Hinckley driving privileges in the District of Columbia that further the goal.

For the Court's convenience, the government has attached a proposed order that incorporates the language proposed by the government for the two paragraphs discussed above.

                  Respectfully submitted,
                  Channing D. Phillips
                  Acting United States Attorney
                  D.C. Bar No. 415793

By:    *Thomas E. Zeno*
        Thomas E. Zeno
        D.C. Bar No. 348623
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        202-514-6957
        Thomas.Zeno@usdoj.gov

        *Sarah T. Chasson*
        Sarah T. Chasson
        D.C. Bar No. 448996
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        202-514-7248
        Sarah.T.Chasson@usdoj.gov